UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID HERRERA,<br><br>        Defendant. | Case No.: 1:03-cr-05014 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 172) |

David Herrera moves the Court for an order terminating his supervised release early after having completed approximately 19 months of the 36 months of supervised release ordered (Doc. 90 at 3). For the reasons set forth below, the motion is **DENIED**.

**I. Background**

In 2004, David Herrera pled guilty to one count of Conspiracy to Possess with the Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 371[1]. (Doc. 161 at 1) He began his term of supervised release on May 21, 2024[2]. *Id*. Other than his initial contact with U.S. Probation on that date, the Probation Officer was unable to locate him for months. The address he provided was false. *Id*. at 1-2. When he still had not been located by July 3, 2024, the Court issued an arrest

---

[1] The government sets forth an accurate description of Mr. Herrera's conduct, which gave rise to his underlying conviction (Doc. 175). The Court adopts this factual account without repeating it here.

[2] After completing his federal sentence, he was turned over to the state, which incarcerated him until 2024 on state criminal charges.

warrant. (Doc. 149) He was arrested finally on September 9, 2024. (Doc. 159) Because the Court determined that he had violated the terms of his supervised release, the Court returned him to custody for four months. (Doc. 164)

Since that time, Mr. Herrera has not done well on supervision. The Court has been alerted that he failed to comply with terms of supervision: twice, he changed his address without the prior approval of his Probation Officer and one time he tested positive for the use of a controlled substance. The use of fentanyl occurred after he successfully complete an inpatient drug treatment program. The Court notes that over the last few months Mr. Herrera's compliance has improved. He has obtained a stable residence, gotten a job and maintained his sobriety.

The government and the Probation Office oppose the motion for early termination of supervision noting that Mr. Herrera has spent only 14 months on actual supervision, given he absconded initially. (Doc. 175 at 3) The government argues also that his four decades long criminal history requires further supervision in light of his mostly poor performance on supervision. *Id.* The Court agrees.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case.  In considering the motion, first, the Court notes that the underlying offense was quite serious and dangerous. He was involved in a bank robbery for the purpose of obtaining funds to set up a methamphetamine distribution network and possessed more than 100 grams of the drug, all while on parole.

Second, Mr. Herrera seems to minimize the seriousness of his violative conduct, mentioning only that he failed to notify the probation officer of his address related to the occasion with resulted in a formal petition being filed. (Doc. 172) He does not discuss or mention his non-compliant conduct otherwise. *Id*. Even still, he says that he is working 32 hours per week and being relieved of supervision would allow him to focus on his family and career. *Id*. He provides no examples of how his supervision interferes with these efforts.

Finally, the Court appreciates that Mr. Herrera has made recent strides toward reentering society and living a law-abiding life. Though this recent compliance is notable, it is the minimum

that the Court expects. Considering his criminal history that spanned decades, and his repeated non-compliance with terms of supervision, when coupled with what is, seemingly, a lack of appreciation for the importance of compliance, the Court cannot find that he demonstrated that early termination of supervision is warranted. For these reasons, and after considering the §3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

   Dated:   **February 16, 2026**

_____
UNITED STATES DISTRICT JUDGE